IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KIMBERLY ANN SCHUMACHER,

                              Plaintiff,

v.                                                ORDER

KWIK TRIP, INC.,                          19-cv-808-jdp

                              Defendant.

Plaintiff Kimberly Ann Schumacher, appearing pro se, alleges that she was forced to quit her job at Kwik Trip because of sexual harassment by a customer and retaliatory discipline by Kwik Trip, Inc., in response for her complaining about the harassment. I granted her leave to proceed on claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Dkt. 4.

Kwik Trip states that Schumacher has not responded to its discovery requests, even after Kwik Trip warned her that she was failing to comply with the Federal Rules of Civil Procedure. Kwik Trip has filed a motion to dismiss the case for Schumacher's failure to prosecute it, or alternatively to compel her to respond to its discovery requests. Dkt. 13.

Schumacher responds that her ability to prosecute the case has been limited by significant personal matters, including divorce proceedings, her need to obtain a restraining order against her husband, and a stint in jail. Schumacher has provided Kwik Trip with only a handful of the documents that it has requested and she has not otherwise responded to its discovery requests.

This court ordinarily does not jump right to dismissal of a plaintiff's case for failure to comply with discovery requests, and I will not do so here in light of Schumacher's documented

personal issues. But Schumacher filed this lawsuit and she cannot continue on with it unless she meets her obligations in he discovery process. I will grant Kwik Trip's motion to compel discovery, and Schumacher may have until February 16, 2021, to respond to Kwik Trip's discovery requests. If Schumacher fails to respond to Kwik Trip's requests without exceptionally good cause for doing so, I will dismiss the case for her failure to prosecute it.

Kwik Trip asks that I order Schumacher to pay for its reasonable costs and attorney fees incurred in compelling her compliance with discovery. Federal Rule of Civil Procedure 37 gives the Court discretion to limit or deny sanctions where other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). I will deny defendant's motion for costs because of Schumacher's indigence and the personal difficulties she outlines in her response. However, should Kwik Trip be forced to file another motion because of Schumacher's continued failure to prosecute the case, I will consider assessing costs at that time.

I'll amend the schedule to accommodate further discovery. The dispositive motions deadline will be moved to March 22, 2021.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss the case, Dkt. 13, is DENIED.

2. Defendant's motion to compel discovery, Dkt. 13, is GRANTED. Plaintiff's discovery responses are due by the deadline set above.

3. Defendant's motion for fees and costs, Dkt. 13, is DENIED.

4. The schedule is AMENDED as set forth above.

Entered February 1, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge